IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION


FILED
DEC - 1 2016
Clerk, U S District Court
District Of Montana
Billings

FREDERIC PAUL SMITH,

    Plaintiff,

vs.

UNITED STATES POSTAL
SERVICE,

    Defendant.

CV 16-126-BLG-SPW

OPINION AND ORDER

Plaintiff Frederick Paul Smith filed a Motion for Leave to Proceed in District Court without Prepaying Fees or Costs and a proposed Complaint. (Docs. 1 and 2). United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on September 13, 2016, in which she recommended that this Court dismiss Smith's Complaint on the basis of sovereign immunity. (Doc. 3).

Pursuant to 28 U.S.C. § 636(b)(1), Smith had 14 days to file written objections to Judge Ostby's Findings and Recommendations. On September 20, 2016, Smith filed his objections. (Doc. 4). Smith is entitled to de novo review of the Findings and Recommendations to which he objects. After de novo review, this Court adopts Judge Ostby's Findings and Recommendations and dismisses the Complaint.

**I.    Discussion**

The United States has sovereign immunity from being sued except when it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act (FTCA) grants a waiver of sovereign immunity in certain cases. 28 U.S.C. § 1346(b). The FTCA generally authorizes suits against the United States for damages "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). However, the FTCA includes a number of exceptions to this broad waiver of sovereign immunity, including that the United States shall not be liable for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

Judge Ostby concluded 28 U.S.C. § 2680(b) provided the Postal Service immunity from liability for losing Smith's sapphire at some point during transit. (Doc. 3 at 4).

In his objections, Smith argues sovereign immunity does not bar his claim against the Postal Service because he is alleging a Postal Service employee stole a sapphire from an envelope, not that the Postal Service lost his sapphire due to negligence.

Even if Smith is correct that 28 U.S.C. § 2680(b) does not provide the Postal Service immunity from liability for the intentional tort of theft committed by a

2

Postal Service employee, his claim is still barred. 28 U.S.C. § 1346(b)(1) waives sovereign immunity for, among other things, "wrongful acts" committed by a Government employee "acting within the scope of his office or employment" where the United States, if a private person, "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." In Montana, the issue of whether a specific act of an employee was committed within the scope of employment is generally a question of fact to be resolved by the trier of fact. *Denke v. Shoemaker*, 198 P.3d 284, 301 (Mont. 2008). But the issue may be resolved by the court as a matter of law "when only one legal inference may reasonably be drawn from the facts." *Denke*, 198 P.3d at 302. A servant who acts entirely for his own benefit is generally held to be outside the scope of his employment. *Maguire v. State*, 835 P.2d 755, 758 (Mont. 1992) (citation omitted).

The only legal inference that can be drawn from the facts as alleged in Smith's objection is that a Postal Service employee stole Smith's sapphire for his or her own benefit. Under Montana law, the Postal Service employee was not acting within the scope of his or her employment. *Denke*, 198 P.3d at 301. Therefore, 28 U.S.C. § 1346(b)(1) provides no waiver of sovereign immunity by the United States if the sapphire was stolen by a Postal Service employee. Since the United States has not waived its sovereign immunity, the Court lacks subject

matter jurisdiction. *See McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

Accordingly, IT IS HEREBY ORDERED that:

1. Judge Ostby's Findings and Recommendations (Doc. 3) are ADOPTED IN FULL.

2. Smith's Complaint (Doc. 2) is DISMISSED for lack of jurisdiction.

3. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 30th day of November, 2016.

SUSAN P. WATTERS
United States District Judge